IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

BC POWER, INC.,

    Plaintiff,

v.

STUART C. IRBY COMPANY,

    Defendant.
_____/

CIVIL DIVISION
Case No.:

## COMPLAINT

Plaintiff, BC POWER, INC., ("BCPI" or "Plaintiff") through undersigned counsel, files this Complaint against Defendant, STUART C. IRBY COMPANY, ("Irby" or "Defendant") and alleges the following in support of this action:

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant to this Complaint, BCPI is a corporation organized under the laws of the State of Florida with its principal place of business in Leon County, Florida.

2. At all times relevant to this Complaint, Irby is a corporation organized under the laws of Mississippi with its principal place of business in Hinds County, Mississippi.

3. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds $15,000.00, exclusive of interest and costs.

4. Venue is proper in Collier County because a substantial part of the events or omissions giving rise to BCPI's claim occurred in this county. The construction project that is the subject of this dispute is located in Collier County.

5. All pre-suit requirements have been fulfilled or waived.

## FACTS

6. On December 17th, 2014, BCPI executed a subcontract agreement (the "Subcontract") with the prime contractor Brooks & Freund, LLC. ("Brooks & Freund"), on a construction project located in Naples, Collier County, Florida.

7. Under the Subcontract, BCPI agreed to perform work on a project identified in the Subcontract as "Orchid Run Apartments, Collier County" (the "Project")

8. On October 29, 2015, Irby furnished electrical materials (the "Materials") to BCPI for use in the Project by extending BCPI credit on an open account to purchase the Materials.

9. November 1st, 2015 was the last day Irby furnished Materials to BCPI for BCPI to carry out its work on the Project under the Subcontract.

10. Brooks did not fully pay BCPI for BCPI's work under the subcontract. Brooks owed BCPI an unpaid principal amount of $685,967.42.

11. As a result, BCPI could not fully pay Irby for the Materials furnished by Irby.

12. The total unpaid principal amount that BCPI owed Irby for the Materials was $47,529.41.

13. On or about February 24, 2016, Michael B. Collins ("Collins"), CEO for and on behalf of BCPI, executed the attached Assignment of Accounts Receivable (the "Assignment") with Irby attached hereto as Exhibit "A".

14. Mr. Collins executed the Assignment without the assistance of counsel and prior to retention of counsel. Because BCPI and Irby had a long and ongoing business relationship, Collins relied solely upon his friendship and business relationship with representatives of Irby when executing the Assignment.

15. The Assignment effectively transferred BCPI's entire interest in the

outstanding account receivables on the Orchid Run Project, payable from Brooks and Freund to Irby, a sum of approximately $685,000.00.

16. After assurances from Irby's Accounts Receivables Manager, that Irby's hired counsel would protect BCPI's interests and secure recovery of the full sum of outstanding account receivables, Collins, on behalf of BCPI, executed the Assignment.

17. In short, instead of only assigning Irby the $46,000.00 owed by BCPI to Irby, Collins, in full reliance upon Irby's A/R Manager's assurances, assigned the entire $685,000.00 to Irby.

18. Irby then struck a deal with Brooks and Freund, taking their sum of $46,000.00 owed to them by BCPI and relinquishing the remainder of the debt, with BCPI receiving nothing for the work performed on the project.

## COUNT I
## FRAUD/FRAUDULENT INDUCEMENT/FRAUDULENT MISREPRESENTATION

19. Plaintiff re-alleges paragraphs 1-18 as if fully set forth herein.

20. This Count is a cause of action for fraud.

21. Though Irby had specific intent not to do so, on or before February 24, 2016, Irby falsely represented to BCPI that Irby and its counsel, would protect BCPI's interests and secure the recovery efforts for the full sum of outstanding account receivables owed to BCPI in the amount of $685,000.00, less the $46,000.00 owed by BCPI to Irby. This was a false representation of material fact.

22. Irby, through its representatives, had no intention of following through with this and in fact, Irby, through its representatives, had the specific intent _not_ to follow through on its representation.

23. Irby, through its representatives, knew its representation was false, and did not intend to follow through on this representation.

24. Irby, through its representatives, made this representation to induce BCPI and Collins into executing the Assignment thereby giving up any rights to the money due and owing BCPI on the project.

25. BCPI, in full faith and reliance upon this material representation, and/or fraudulent inducement, assigned all of the receivables to Irby.

26. BCPI, through its CEO Collins, due to lack of legal expertise and lack of counsel, was ignorant of the legal effect and content of the Assignment.

27. BCPI, through its CEO Collins, would have never executed the Assignment had BCPI known Irby was not going to perform on its representation.

28. Irby intended that the representation would induce BCPI to act on it, specifically to execute an Assignment, which BCPI did.

29. Contracts entered into due to fraudulent inducement are voidable by the innocent party.

30. BCPI has suffered damages as a result of Irby's actions.

31. Irby now owes BCPI the remainder of the accounts receivable due and owing to BCPI for work performed on the project that BCPI would have received had it not been for Irby's false representations and fraudulent inducement.

WHEREFORE, Plaintiff, BCPI, demands judgment against Defendant, IRBY, in excess of $15,000, for the above referenced damages, exclusive of prejudgment interest, and any other relief this court deems just and proper.

Dated this 16th day of October, 2019.

Respectfully Submitted,

STEPHENS LAW, LLC

*/s/ Halley M. Stephens*
HALLEY M. STEPHENS
Florida Bar No. 0154725
2868 Remington Green Circle, Suite B
Tallahassee, FL 32308
Telephone: (850) 999-2000
halley@stephenslawoffice.com

## ASSIGNMENT OF ACCOUNTS RECEIVABLE

THIS ASSIGNMENT OF ACCOUNTS ("Assignment") is executed and delivered by BC POWER, LLC, a Florida corporation (the "Assignor"), to STUART C. IRBY COMPANY, a Mississippi corporation (the "Assignee").

IN CONSIDERATION of the covenants and agreements hereafter set forth, and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, Assignor makes the following Assignment:

1. Accounts Receivable. The Assignor is the holder of those certain accounts receivables due from third parties (the "Accounts Receivable") described on Exhibit A attached hereto and made a part hereof.

2. Transfer of Accounts Receivables. The Assignor hereby grants, sells, conveys, assigns, transfers and delivers unto Assignee, its successor and assigns, forever, all of its right, title and interest in and to the Accounts Receivables described in Exhibit A. *Orchid Run Project*

3. Title. Assignor hereby warrants to Assignee that Assignor is the sole owner of the Accounts Receivable, that Assignor has the right and authority to transfer the Accounts Receivable, and that the Accounts Receivable are free and clear of any and all liens, liabilities, or other encumbrances of any kind other than those in favor of Assignee.

4. Further Actions. Assignor covenants and agrees to warrant and defend the transfer, assignment, conveyance, grant and delivery of the Accounts Receivable hereby made against all persons whomsoever, to take all steps reasonably necessary to establish the record of Assignee's title to thereto and to execute and deliver further instruments of transfer and assignment and take such other actions as Assignee may reasonably request.

5. Assignor Payment Obligations. This Assignment in no way relieves Assignor of any obligations it may have to Assignee, including, without limitation, any payment obligations Assignor may have to Assignee, and Assignee reserves all rights and remedies related to such matters.

6. Governing Law. This Assignment shall be governed by and construed under the laws of the State of Mississippi, without regard to its conflicts of law principles.

-1-



EXHIBIT A

THIS ASSIGNMENT is executed effective as of 2-24-16, 2016.

ASSIGNOR:

BC POWER DESIGN, INC.

Signature: *[signature]*

Printed Name: Michael B. Collins

Title: CEO

EXHIBIT A

Accounts Receivable

[Insert List of Accounts Receivable Here.]

-3-

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2/23/16 | | | | BC Power, Inc. | | | | | Page 1 |
| 1:29 PM | | | | Accounts Receivable-Customer Sequence | | | | | |

February last entry: 45

| Reference | Invoice Date | Description | Due Date | Invoice Amount | Accounts Receivable | Retainage Receivable | G/L Acct. | JobId | |
|---|---|---|---|---|---|---|---|---|---|
| Brooks & Freund LLC (230) | | | Contact: Jackie or Gene | | | | | | |
| (293)939-5251 | | | | | | | | | |
| 66510 | 8/20/15 | Application 10 | 9/10/15 | 133,650.00 | -5,508.61 | | 400 | 665 | Orchid Run Apa |
| 66511 | 9/20/15 | Application 11 | 10/20/15 | 137,181.63 | 86,412.60 | | 400 | 665 | Orchid Run Apa |
| 66512 | 10/19/15 | Application 12 | 11/15/15 | 144,630.00 | 144,630.00 | | 400 | 665 | Orchid Run Apa |
| 66513 | 11/10/15 | Application 13 | 12/20/15 | 314,993.60 | 314,993.60 | | 400 | 665 | Orchid Run Apa |
| 66514 | 11/10/15 | Application 14 | 1/25/16 | 144,509.66 | 144,509.66 | | 400 | 665 | Orchid Run Apa |
| 6658 | 6/19/15 | Application 8 | 7/20/15 | 74,321.51 | .01 | | 400 | 665 | Orchid Run Apa |
| 6659 | 7/20/15 | Application 9 | 8/10/15 | 78,750.00 | 930.16 | | 400 | 665 | Orchid Run Apa |
| | | | Customer Total: | | 685,967.42 | 0.00 | 685,967.42 | | |
| | | | | | | | | | |
| | | | Company Total: | | 685,967.42 | 0.00 | 685,967.42 | | |

For customer: 230 Brooks & Freund LLC

Note: Accounts receivable is the amount that the customer currently owes.
This is the same as 'balance due'.